IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 DEC 15  P 2: 33

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | |
|---|---|
| RONALD BARKHORN, | |
| Plaintiffs | |
| v. | CIVIL NO. JKB-10-750 |
| PORTS AMERICA CHESAPEAKE, LLC, | |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter came before the Court on December 14, 2011, for a hearing. Present in the courtroom were Neil Lebowitz, Esquire, counsel for Plaintiffs Ronald Barkhorn, Mike Schultz, Rick Delawder, and John Delawder who were also present. Also attending the hearing was Michael Collins, Esquire, counsel for Defendant Ports America Chesapeake, LLC ("PAC"), and a representative of PAC. Absent were *pro se* Plaintiffs Terry Neblitt and James Ruff. This hearing was scheduled in an order dated November 22, 2011, which was served on counsel via CM/ECF and copies of which were mailed to the *pro se* parties. (ECF No. 111.) It is unknown to the Court why Mr. Neblitt did not attend the hearing. Mr. Lebowitz indicated that he had received information to the effect that Mr. Ruff's father has had a stroke, and that was the reason for Mr. Ruff's absence.

In response to Mr. Lebowitz's request for a reopening of discovery as set out in the joint status report (ECF No. 112), the Court reiterated that discovery closed many months ago and no further discovery would be allowed. The exception to that ruling is that counsel for PAC shall research the issue of federal funding in relation to the Rehabilitation Act claim and counsel for the parties shall confer and report to the Court the results of their conference.

Mr. Lebowitz requested expert discovery and argued it had not been addressed in the Court's scheduling order. The Court denies that request on the ground that, in fact, all discovery, including expert discovery, was included in the September 2, 2010, initial scheduling order on page one (ECF No. 11).

PAC's counsel indicated additional motions to dismiss parties, in particular Mr. Neblitt and Mr. Rick Delawder, were warranted in light of the partial grant of summary judgment entered on September 26, 2011 (ECF Nos. 103, 104). The Court will allow this additional set of motions.

The Court suggested the parties consider whether they would unanimously consent to having this case tried by a magistrate judge for the reason that a magistrate judge's civil trial schedule, unlike a district judge's civil trial schedule, is not potentially disrupted by the Court's criminal docket. The parties are directed to take this matter under advisement.

The date of **January 11, 2012**, is the deadline for the following to be completed by all parties:

1. Report to the Court on the federal funding issue;
2. Additional dispositive motions; and
3. Statement by each of the parties as to whether they consent to have the case tried and judgment entered by a magistrate judge.

Both counsel, Mr. Neblitt, and Mr. Ruff shall participate in a telephone conference with the Court on **February 29, 2012, at 4:30 p.m.** Mr. Collins shall arrange for and initiate the call to chambers. Mr. Neblitt and Mr. Ruff may participate in this conference either by appearing in the law offices of Mr. Lebowitz or by coming to the chambers of the undersigned at the federal courthouse in Baltimore (101 W. Lombard Street, Chambers 3D). During the telephone conference, the Court will set the schedule for submission of a proposed pretrial order, filing of

motions in limine, the pretrial conference, and a five-day bench trial, which may or may not include an advisory jury. If the court elects to proceed with an advisory jury, then counsel will be required to submit their jointly proposed voir dire and jury instructions simultaneously with the submission of their proposed pretrial order.

The Clerk is DIRECTED to mail a copy of this memorandum and order to Mr. Neblitt and to Mr. Ruff.

SO ORDERED.

DATED this __15__ day of December, 2011.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge