IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RONALD BARKHORN, et al.,**       *

       **Plaintiffs**
                           *

  **v.**
                           *     CIVIL NO. SKG-10-00750
**PORTS AMERICA CHESAPEAKE**     *

       **Defendants**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This action was brought by plaintiffs Ronald Barkhorn, Mike Schultz, Rick Delawder, and John Delawder against Ports America Chesapeake LLC ("Ports America") claiming associational discrimination and retaliation under the Americans with Disability Act ("ADA"), Rehabilitation Act, and Maryland anti-discrimination laws. Judgment was entered against plaintiffs on March 29, 2013 after a five-day bench trial. (ECF No. 189). Now before the Court are plaintiffs' motions to vacate, alter or amend judgment; motion for "further action;" motion to strike; motion to "grant deference or weight to the Seniority Agreement Injunction;" and motion to "grant deference, weight or total judgment to the 14th Amendment Claim in Amended Complaint." (ECF

1

No. 195, 5-6). For the reasons discussed herein, plaintiffs' motions are DENIED.

## I. Standard

Two rules allow for reconsideration of a final judgment. Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 60(b) provides for "relief from a final judgment, order, or proceeding." Plaintiffs cite to both rules in their motions, requesting that the court "vacate its judgment pursuant to Rule 59 or 60 to correct mistakes from untrue testimony and surprise from information and evidence not provided in discovery." (ECF No. 195, 7). As such, the Court will consider plaintiffs' motion under both Rule 59 and Rule 60. To the extent that plaintiffs ask for relief independent of these rules, as in their request for the Court to "strike documents," and "grant deference or weight" to the Harvey Decree, these requests are not properly before the Court. At this point in proceedings the Court may only consider motions under Rule 59 and 60.

Under Federal Rule of Civil Procedure 59(e), within 28 days after entry of judgment a party may file a motion to alter or amend judgment. FED. R. CIV. P. 59(e). The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): (1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of this analysis is to allow a district court "to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id.(citations and quotations omitted). Relief under Rule 59 is considered an "extraordinary remedy which should be used sparingly." Id. (quoting 11 Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed.).

Rule 60 allows for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). Before a party may seek relief under Rule 60, however, they must make a threshold showing of timeliness, a meritorious defense, a

lack of unfair prejudice to the opposing party, and exceptional circumstances. Dowell v. State Farm Fire & Casualty Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)(citations and quotations omitted).

## II. Analysis

Plaintiffs make a series of scattered arguments in support of their motions. To the extent necessary, the Court will deal with each in turn.

### A. ADA Discrimination and Retaliation Claims

The majority of plaintiffs' 44-page brief repeats the facts and legal arguments presented at trial. Neither Rule 59 nor 60 allow a losing party to re-litigate a dispute. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. Va. 1998); Haynes v. United States, No. PJM 02-3850, 2010 U.S. Dist. LEXIS 74017 (D. Md. July 21, 2010). The Court found in its March 2013 opinion that the ordering of the Delawder/Singer gang was properly based on safety, productivity, reliability, and qualifications, and was unaffected by the allegedly disabling injury to Terry Neblitt or grievances filed by Mr. Barkhorn. The claims to the contrary in plaintiffs' motions simply repeat those made at trial. Plaintiffs lengthy re-hash of these arguments, without any claim that the law has changed or the

Court made a clear error in its application, does not merit consideration here.

**B. Discovery Claims**

Plaintiffs also repeat arguments made during the discovery process. On February 26, approximately a week before trial, defendants presented an argument in briefing regarding the rationale for gang ordering in May 2008. (ECF No. 169, 3). Specifically, they argued that plaintiffs' gang was set back in gang ordering in May because of an incident on April 30th 2013 in which their crane operator struck a container with the crane's spreader, causing property damage. (Id.). A Ports America event report documenting the incident was attached as an exhibit. (ECF No. 169-4, 1). As the alleged disability that triggered discrimination occurred in April 2008, the gang order in May (and the months following) was relevant to the dispute.

Plaintiffs argued at the time that because this new argument and evidence was untimely, "Defendant should be precluded from offering this evidence and making these arguments at trial." (ECF No. 173, 1). Defendants responded that this "new" argument was consistent with their long-stated claim that gang ordering was not related to disability, but rather to safety and productivity, and noted that plaintiffs had never requested this information in any of their discovery requests.

(ECF No. 175, 1). As such, defendants maintained that the argument was neither new nor untimely. Id. In a telephone conference on February 28, the Court agreed with defendants. (Id.). In their current motion, plaintiffs again allege that timing of this production did not adequately allow them to prepare for trial. (ECF No. 195-1, 28-31).

In general, "it is inappropriate to use a motion to amend the judgment pursuant to Rule 59(e) as a vehicle to remedy perceived deficiencies in the discovery process." Johnson v. BAC Home Loans Servicing, LP, 2012 U.S. Dist. LEXIS 5532 (E.D.N.C. Jan. 18, 2012); Donahue v. Occidental Chem. Corp., No. 98-1803(2), 2000 U.S. Dist. LEXIS 1229, at *4, (E.D. La. Feb. 3, 2000). While Rule 60(b)(3) arguably allows a party to move for relief based on a showing of "misconduct" during the discovery process, plaintiffs have made no such showing. Hirsch v. Nova Southeastern Univ., Inc., 289 Fed. Appx. 364, 367 (11th Cir. Fla. 2008). They have offered no material new evidence or advanced any argument beyond those rejected by the Court on this issue prior to trial.[1] The Court found previously that the

---

[1] Plaintiffs do produce a work order report that purportedly shows that the crane operator was not replaced on the day of the April 30 incident for mandatory interviewing and drug testing. (ECF No. 195-1, 30). It is difficult to follow plaintiffs' argument in this respect, but they seem to suggest that this fact proves that the incident was not the fault of the operator, but instead a mechanical failure that should not have affected gang-ordering. (Id.). The argument has several flaws. First, the event report indicates that the incident was first reported on 5/01/2008, which suggests that there was no known reason to replace the operator on 4/30/2008. Second, the operator first reported that the incident was a result of

6

evidence produced by defendants was not encompassed within plaintiffs' discovery requests, and as such was not untimely produced. Further, defendants are under no obligation to alert plaintiffs to each individual argument to be raised at trial, especially those consistent with defendants' clearly stated theory of the case. Plaintiffs have demonstrated no good reason to reconsider these findings.

### C. Pretrial Conference

Plaintiffs complain that they were "ordered not allowed [sic] in pretrial hearings and process." (ECF No. 195, 6). They state that although they requested to attend the pre-trial conference, their attorney informed them the Court had only requested the attendance of counsel. (ECF No. 195, 6).

The Court did order plaintiffs' attorney, in accordance with Rule 16, to attend a pretrial conference. FED R. CIV. P. 16 ("[T]he court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences. . ."). The Court likely would have had no objection to plaintiffs' attendance, but it never received a request from plaintiffs' counsel for his clients to attend. Without any Court action on

---

mechanic failure, not human error, which may have negated the initial need to replace the operator for an interview and drug testing. In any event, the Court found that plaintiffs failed to demonstrate associational discrimination under the ADA based on nearly two years of reports regarding gang ordering. Even if the Court were to find that this to be viable "new" evidence, it is limited in scope and relevance and would not change the result of the case.

this matter, plaintiffs have raised no actionable claim under Rule 59 or 60.

**D. Count II of Plaintiffs' Complaint**

Count II of plaintiff's complaint was dismissed without prejudice by Judge Bredar in 2011. Plaintiffs now complain that this dismissal was in error, and, although their motion is unclear, seem to argue that Count II should be reinstated to allow plaintiffs to bring claims under the 14th Amendment and the Harvey Decree. (ECF No. 195-1, 1-2). This argument is plainly improper. Judge Bredar's decision is over two years old: this is the first time plaintiffs have complained about its conclusion with regard to Count II. A party may not use a post-judgment motion "to raise arguments which could have been raised prior to the issuance of judgment." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 404 (4th Cir. 1998); see also Almy v. Sebelius, 749 F. Supp. 2d 315, 338 (D. Md. 2010). In addition, neither Rule 59 nor Rule 60 may be used as a device to bring entirely new claims not brought before the Court at trial. Id. at 403. Finally, even if these claims were proper, any claim under the forty-year-old Harvey Decree holds little chance of success, as noted by this Court in a related case. Sewell v. Int'l Longshoremen's Ass'n, No. SKG-12-00044, 2013 U.S. Dist. LEXIS 43615 at * 37 (D. Md. Mar. 27, 2013).

### III. Conclusion

For the reasons discussed herein, plaintiffs' motions are DENIED.

Date: 11/04/2013                                /s/
                                       Susan K. Gauvey
                                       United States Magistrate Judge